IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CRIMINAL NO. 11-CR-30046-02-MJR ) |
| SAUL RUELAS-VALDOVINOS, | ) ) |
| Defendant. | ) |

## **DEFENDANT'S AGREEMENT TO PLEAD GUILTY**

Pursuant to Rule 11 of Federal Rules of Criminal Procedure, the attorney for the Government has been informed by the attorney for the Defendant that the defendant contemplates the entry of an open plea of guilty in this cause.

The terms of this Plea are as follows:

### I.

1. Defendant acknowledges that he has been advised of and does fully understand the following:

> (a) the nature of the charges to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and
>
> (b) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and
>
> (c) that if he pleads guilty, there will not be a further trial of any kind, so that by pleading guilty, he waives the right to a trial; and
>
> (d) that if he pleads guilty, the Court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record,

and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement; and

(e)  that if he pleads guilty, he will waive his right to persist in his plea of not guilty, to be tried by a jury, to have assistance of counsel at the trial, and to confront and cross-examine witnesses against him at trial; and

(f)  that if he pleads, he is pleading guilty to a felony <u>punishable</u> by a term of imprisonment exceeding one year. Therefore, no matter what sentence the Court imposes (whether probation or any term of imprisonment), he will be forbidden by federal firearms laws from possessing any type of firearm in his lifetime, unless he obtains relief pursuant to 18 U.S.C. § 925, or other appropriate <u>federal</u> statute.

2.  Defendant acknowledges that this Agreement to Plead Guilty (and Stipulation of Facts) constitutes the entire agreement and that no promises, inducements or representations, other than those specifically set forth in this Agreement to Plead Guilty (and Stipulation of Facts,) were made to induce him to enter into this Agreement to Plead Guilty.

3.  It is further understood that this agreement is limited to the Southern District of Illinois, and nothing herein is intended to bind other federal, state or local prosecuting authorities. <u>It is further understood that this Agreement to Plead Guilty does not prohibit the United States, any agency thereof, or any third party from initiating or prosecuting any civil proceedings directly or indirectly involving the Defendant</u>.

4.  Defendant understands that this offense is subject to Title 28, United States Code, Section 994(a). Defendant has been advised and understands that the Sentencing Guidelines are advisory and that the Court will consider the applicable Guidelines in conjunction with 18 U.S.C. § 3553(a), in determining the appropriate sentence.

5.  Defendant understands that pursuant to Title 18, United States Code, Section 3013, the Court will assess a "Special Assessment" of $100 per felony count. Defendant understands that

he will be ordered to pay the full amount of the special assessment prior to or at the time of sentencing.

6. Defendant understands that the Court must impose a term of "supervised release" to follow incarceration. *See* 18 U.S.C. § 3583; U.S.S.G. § 5D1.1.

7. Defendant understands that the Court may impose a fine, costs of incarceration, and costs of supervision <u>and that the Government will recommend the imposition of a fine</u>. The estimated costs of such incarceration or community confinement or supervision, pursuant to an advisory notice from the Administrative Office of the United States Courts, pertaining to the fiscal year 2010, are for imprisonment: $2,357.01 per month; for community confinement: $2,153.22 per month; and for supervision: $328.20 per month. The Defendant agrees to make complete financial disclosure by truthfully filling out, at the request of the United States Attorney, a Financial Statement (OMB-500).

8. The Defendant understands that if he is not currently detained that the Government may move for detention upon acceptance of the plea by the Court and if released the Defendant understands that if he commits any offense in violation of federal, state, or local law while on release in this case or violates any other conditions of release, the Government may request revocation of the Defendant's bond and forfeiture of any bail and may file additional charges or sentencing enhancement notices, in addition to any sanctions that may be imposed for violation of the Court's order setting the conditions of release. No action taken or recommendation made by the Government pursuant to this paragraph shall be grounds for the Defendant to withdraw his plea.

9. The Defendant understands that the Government may move for an order pursuant to 18 U.S.C. § 6003 requiring the Defendant to give testimony or provide other information and that

if such order is granted and the Defendant refuses to give such testimony or other information he may be subject to punishment for contempt.

10. The Defendant states that he has read this agreement and has discussed it with his attorney, and understands it.

## II.

1. The Defendant states that he is actually guilty of and will enter a plea of guilty to one count of a Superseding Indictment charging Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine (Count 2), which carries a possible maximum sentence of a term of imprisonment from ten (10) years to life, a fine of not more than $10 million, a term of supervised release of at least 5 years, and a special assessment of $100.

The Defendant also agrees to admit the Forfeiture Allegation contained in the Superseding Indictment.

2. The Government and the Defendant agree that the following constitute the essential elements of the offense are as follows:

> FIRST: The conspiracy alleged in the Superseding Indictment existed; and
>
> SECOND: The Defendant knowingly became a member of the conspiracy with the intention to further the conspiracy.

The Defendant agrees and admits that his conduct violated these essential elements of the offense.

3. The Defendant understands that he is entering an "open plea" whereby the Government has not agreed to recommend any particular sentence or guideline range and may in fact recommend that the defendant be sentenced to any sentence of incarceration, supervised release, fine, and/or restitution, up to and including the maximum allowed by law.

4. The Government hereby informs the Court that the Defendant timely notified the United States Attorney's Office of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government to allocate its resources efficiently. Therefore, if the Court determines that the Defendant is entitled to a 2 level reduction for acceptance of responsibility pursuant to Section 3E1.1(a) of the Sentencing Guidelines, the United States will move for an additional one level reduction pursuant to the provisions of § 3E1.1(b).

5. The Defendant understands that the Government will recommend the imposition of a fine. The Defendant understands that the Government's recommendation may be based in part on the Defendant's projected earnings through the Inmate Financial Responsibility Program.

6. Defendant will cooperate fully with the United States Probation Office in its collection of information and preparation of the Presentence Report in this matter. Said cooperation will include signing all releases, as requested.

7. The Defendant acknowledges that Title 18, United States Code, Section 3143(a)(2) requires that upon the Court's acceptance of a plea of guilty in this case, the Court must order the Defendant detained pending sentencing, in the absence of exceptional circumstances as set forth in Title 18, United States Code, Section 3145(c). The Defendant and the Government agree that there are no exceptional circumstances that would justify the Defendant's release pending sentencing.

**III.**

The Defendant acknowledges that the Government has provided complete discovery compliance in this case. Defendant states that he has reviewed said discovery compliance with his attorney.

# IV.

**Immigration Consequences.** Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his automatic removal from the United States, as more fully set forth below.

The United States believes that the Defendant is a citizen of Mexico and is present in the Unite States illegally. The United States believes that the Defendant is deportable from the United States as a result of his conviction for a controlled substance offense pursuant to Title 8, United States Code, Section 1227(a)(2)(B). The United States has advised the Defendant that it will seek the entry of a Judicial Order of Removal at the time sentence is imposed.

Defendant acknowledges that he has adequate opportunity to discuss the potential consequences of his plea with his attorney.

V.

The Government and the Defendant state that there is no agreement as to what the Defendant's sentence will be or the amount of the forfeiture which will be ordered.

STEPHEN R. WIGGINTON
United States Attorney

/s/ Saul Ruelas
SAUL RUELAS-VALDOVINOS
Defendant

_____
RANDY G. MASSEY
Assistant United States Attorney

_____
FRANK J. HIMEL
Attorney for Defendant

Date: 2-2-12

Date: 2-2-12

7