IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,   )
                            )   11-30046
     v.                     )
                            )
SAUL RUELAS-VALDOVINOS      )

## MOTION SEEKING RELIEF PURSUANT TO THE FIRST STEP ACT
## OF THE FAIR SENTENCING ACT OF 2018

Defendant Saul Ruelas-Valdovinos, hereby moves to file that the District Court reduce defendant's sentence in accordance to law Senate Bill 756, the First Step Act of 2018. Section 404 of of the First Step Act makes the amendments made to 21 U.S.C. § 841(b)(1)(A)(iii) by section 2 of the Fair Sentencing Act of 2010, retroactive to cases in which the Defendant Saul Ruelas-Valdovinos was sentenced for a cocaine base offense from criminal activities stemming back from April 2008 up until March 2011. Due to Administrative Order, for such offense the district court may reduce a defendant's sentence as if the Fair Sentencing Act were in effect at the time the offense was committed.

1.  On March 23, 2011 a Federal Grand Jury sitting in East St. Louis, Illinois, returned an indictment charging Defendant Saul Ruelas-Valdovinos with 1 count of Conspiracy to Distribute 5 or more Kilograms of Cocaine in violation of Title 21, United States Code, Section 846.

2.  On February 2, 2012 defendant entered an open plea to all charges contained in the indictment.

3.  On June 29, 2012 defendant was sentenced to a term of 327 months' imprisonment, a fine of 1,250, a term of 5 years' supervised release, and a $100.00 special assessment fee.

4.  Defendant Saul Ruelas-Valdovinos also argues that this court review his sentence under the plain error rule.

1.

On June 29, 2012, the District Court held a sentencing hearing and found the guideline range to be 235-292 months' and imposed a sentence of 327 months' imprisonment, a fine of 1,250.00 a five year term of supervised release, and a special assessment fee of $100.00. (Dkt.1196.Tr.116;6)

Defendant Saul Ruelas-Valdovinos contends that his sentence was excessive and the sentencing judge should not have went over 292 months' imprisonment, thus making his sentencing excessive.

5. Defendant argues his counsel was ineffective in advising him that, in taking his open plea agreement, defendant would receive somewhere in the range of 151-188 months' imprisonment. He argues his lawyer explained to him "that with the amount of relevant conduct would be more than 50 but less than 150 kilograms making his total offense level a 36. Then in exchange for defendant taking responsibility of his actions and the court accepting his plea of guilt three points will be deducted off his total offense level, resulting in his offense level being a 33 and by the defendant having a category of one guideline range in the advisory capacity of the guidelines of 151-188 months' imprisonment should be imposed.

6. Defendant acted under the notion that in exchange to his open plea agreement that he would not receive a sentence this excessive due to this being his first offense, his age at the time of the crime, his involvement in which the courts consider him to being a supervisor or manager in which defendant was in Chicago and was not in East St. Louis, Illinois. Defendant contend that in order to supervise or manage he would have had to be in

close proximity, but courts ruled otherwise.

Defendant Saul Ruelas-Valdovinos humbly request his motion be granted to reduce his sentence in accordance to Law Senate Bill 756. Also, that this court review his sentence under the plain error rule, in which he contends that he was excessively sentenced and that he should not have received more than 292 months' imprisonment and that the courts should reduce his sentence somewhere in the guideline range of 232-292 months' thus making his sentence excessive violating his constitutional amendments. Also, attached is a copy of the Adminstrative Order Law Senate Bill 756, the First Step Act of 2018 of the Fair Sentencing Act.

*Ruelas Saul*
DEFENDANT

I, Saul Ruelas-Valdovinos, being first duly sworn on oath, depose and says that he has read the foregoing motion by him subscribed and the facts stated therein are true and correct to the best of his knowledge and belief.

*Ruelas Saul*
DEFENDANT

SUBSCRIBED AND SWORN TO BEFORE ME
THIS __2__ DAY OF January, ~~2019~~ 2020

*Daneen L. Richardson*
Notary Public

DANEEN L. RICHARDSON
OFFICIAL SEAL
Notary Public - State of Illinois
My Commission Expires Jul 05, 2023

3.

Case 3:11-cr-30046-NJR   Document 1660   Filed 01/02/20   Page 4 of 5   Page ID #5753
1:19-mc-01001-JES  #1   Page 1 of 2
E-FILED
Thursday, 10 January, 2019 08:35:18 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE: FIRST STEP ACT OF 2018 )
(Dec. 21, 2018), APPLICATION ) No. 19-mc-1001
OF FAIR SENTENCING ACT. )

## ADMINISTRATIVE ORDER

On December 21, 2018, the President signed into law Senate Bill 756, the First Step Act of 2018. Section 404 of the First Step Act makes the amendments made to 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) by section 2 of the Fair Sentencing Act of 2010, retroactive to cases in which the defendant was sentenced for a cocaine base (crack) offense prior to August 3, 2010. For such offenses the district court may reduce a defendant's sentence as if the Fair Sentencing Act were in effect at the time the offense was committed.

To ensure the efficient adjudication of requests seeking a reduced sentence pursuant to § 404 of the First Step Act, the Court, *en banc*, orders the following:

1. The Federal Public Defender's Office for the Central District of Illinois ("FPD") shall be appointed to represent each defendant (petitioner) who files a petition or motion seeking relief pursuant to the First Step Act, by whatever nomenclature the litigant uses in the document. If a defendant (petitioner) writes the FPD requesting assistance in seeking relief pursuant to the First Step Act, the FPD shall forward the request to the Court which will file the letter as a petition or motion seeking relief pursuant to the First Step Act unless the Court has already opened a case for the defendant (petitioner).

2. Upon appointment, the United States Probation Office for the Central District of Illinois and the Clerk of Court for the United States District Court for the Central District of Illinois ("Clerk of Court") are authorized to disclose copies of judgments, presentence investigation reports, and statements of reasons to the FPD and AUSA for the purpose of determining eligibility for relief and determining whether a conflict of interest precludes the FPD from representing the petitioner. Should the Federal Public Defender determine that there is a prohibitive conflict in which the prospective client's interests are materially adverse to those of a current or former client with regard to representation of a defendant in the litigation, the Court shall be notified and the Clerk of Court is authorized to appoint a member of the Criminal Justice Act Panel of this District.

3. The Chief Judge has received from the United States Sentencing Commission, a list of the offenders the Sentencing Commission believes to be eligible under Section 404 of the First Step Act of 2018. This list has been giving to the AUSA, FPD and the United States Probation Office.

4. The United States Probation Office shall submit to the FPD and AUSA, a list of those inmates and defendants currently on supervised release who it determines may be eligible for a sentence reduction pursuant to the First Step Act, informing them of their potential eligibility.

5. All cases subject to this Order shall be assigned to the initial sentencing judge, and if not available, by reassignment through the Chief Judge.

6. The Clerk of Court is directed to send copies of the Order to the FPD and the United States Attorney's Office and post this Order to the District Court's website.

7. The Clerk of Court is further directed to enter Thomas Patton as attorney of record for the petitioner and Patrick Hansen as attorney of record for the United States in each case relevant to the issues discussed in this Order and send a copy of this Order to the petitioner seeking a reduced sentence pursuant to the First Step Act.

**IT IS SO ORDERED**

Dated: January 10, 2019

                                        S/ James E. Shadid
                                        JAMES E. SHADID, Chief Judge
                                        Central District of Illinois