**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| **Plaintiff,** | |
| v. | Case No. 3:11-CR-30046-NJR-2 |
| SAUL RUELAS-VALDOVINOS, | |
| **Defendant.** | |

# ORDER

**ROSENSTENGEL, District Judge:**

Before the Court is a *pro se* motion by Defendant Saul Ruelas-Valdovinos pursuant to 18 U.S.C. § 3582(c)(2) requesting a sentence reduction under Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). (Doc. 1700). Ruelas-Valdovinos contends that his sentence should be reduced under Amendment 821's "zero-point offender" guideline, U.S.S.G. § 4C1.1(a), which grants defendants who have no criminal history and who otherwise satisfy several conjunctive criteria a two-level reduction in their offense level. *Id.* For the following reasons, Ruelas-Valdovinos's motion is denied.

U.S.S.G. § 4C1.1 states in relevant part:

(a) ADJUSTMENT.—If the defendant meets all of the following criteria:

> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;

> (2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

> (3) the defendant did not use violence or credible threats of violence in connection with the offense;

Page 1 of 4

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense);

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role); and

(11) the defendant was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by **2** levels.

Ruelas-Valdovinos concedes that he received an aggravating role adjustment at sentencing under section 3B1.1. That is dispositive of his motion because it precludes satisfaction of subsection (a)(10) — one of section 4C1.1's mandatory requirements. Still, Ruelas-Valdovinos argues that a prior version of section 4C1.1 had *combined* subsections (10) and (11) to read: "(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848." Ruelas-Valdovinos argues that under this prior version of section 4C1.1, he satisfies subsection (10) because he was *not* engaged in a continuing criminal

enterprise. Under this reading, subsection (10) works *dis*junctively in favor of criminal defendants—*i.e.*, if the defendant satisfies the first nine conditions, then as long as he did not receive a section 3B1.1 adjustment *or* did not engage in a continuing criminal enterprise, he satisfies subsection (10).

The Seventh Circuit rejected this reading of the prior version of section 4C1.1 in *United States v. Cervantes*, 109 F.4th 944, 946 (7th Cir. 2024) (per curiam). There, the court held that "the role adjustment that [the defendant] received under § 3B1.1 is sufficient to disqualify him from eligibility for a two-level reduction under §4C1.1." *Id.* It also found that section 4C1.1 "is phrased 'in terms of what the defendant must show *was not* true of him,' rather than being phrased 'in terms of what the government would have to prove *was* true." *Id.* at 947 (quoting *United States v. Draheim*, 958 F.3d 651, 657 (7th Cir. 2020) (emphasis in original)). Thus, under the prior version of section 4C1.1, it was incumbent upon the defendant to demonstrate that (i) he did not receive an adjustment under section 3C1.1, *and* (ii) that he was not engaged in a continuing criminal enterprise. *Id.*; *see also United States v. Flores-Hernandez*, 176 F.4th 714, 719 & n.3 (D.C. Cir. 2026) (endorsing this reading of section 4C1.1 and recognizing that all circuits to address the issue are in alignment).

The current version of section 4C1.1 demands the same thing (it simply splits the previously combined subsection (10) requirements into two separate subsections). *See* U.S.S.G. App. C, Vol. IV, Amend. 831 (Nov. 1, 2024) (explaining that separation of subsection (10) requirements was necessary "[t]o clarify the Commission's intention that a defendant is ineligible for the adjustment if the defendant meets either of the

disqualifying conditions in the provision."). It therefore does not matter whether Ruelas-Valdovinos's request for a sentence reduction is analyzed under the prior version of section 4C1.1 or the current one. Under either version, he fails to satisfy the requirement that he did *not* receive an adjustment under section 3C1.1.

For these reasons, Ruelas-Valdovinos's request for a sentence reduction under Amendment 821 (Doc. 1700) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  August 4, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**